UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENDALL PLAIN, ET AL.**                         **CIVIL ACTION**

**VERSUS**                                         **NO. 23-820-BAJ-RLB**

**SAFECO INSURANCE COMPANY
OF OREGON**

**ORDER**

Before the Court is Safeco Insurance Company of Oregon's ("Defendant") Motion to Compel (the "Motion"). (R. Doc. 14). It is opposed by Kendall Plain and Intellect Capital Group, LLC ("Plaintiffs"). (R. Doc. 15). Also before the Court is Defendant's reply. (R. Doc. 21).

**I.    Background**

On August 25, 2023, Plaintiffs filed an action in the Middle District Court of Louisiana against Defendant based on diversity jurisdiction. (R. Doc. 1). Plaintiffs allege that, during Hurricane Ida, their property (the "Property") was damaged, and as a result they notified the Property's insurer, the Defendant. (R. Doc. 1). Plaintiffs allege Defendant "failed to pay the amount due . . . within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to properly settle Plaintiffs' property damage claims within [the same] thirty (30) days[.]" (R. Doc. 1 at ¶ 14). Plaintiffs brought breach of contract and bad faith claims against Defendant, claiming numerous damages, including "[l]oss of use, loss of rent, additional living expenses, and extra expenses[.]" (R. Doc. 1 at ¶ 31).

On December 18, 2023, Defendant timely sent Plaintiffs seven requests for admission ("RFA(s)"), eighteen interrogatories ("Interrogatories"), and sixteen requests for production ("RFP(s)"). (R. Docs. 9 at 1; 14-2). On January 15, 2024, Plaintiffs asked for an extension of the deadline to respond. (R. Doc. 14-3 at 3, 4). After a Fed. R. Civ. P. 37 ("Rule 37") conference on

1

January 16, 2024, Defendant granted Plaintiffs an extension to January 22, 2024. (R. Docs. 14 at 1; 14-1 at 1; 14-3 at 1, 2, 3). On January 22, 2024, Plaintiffs timely sent their RFA responses via email, and provided their answers and objections to the Interrogatories and RFPs on January 25, 2024. (R. Docs. 14-4; 14-5; 15-1). As Defendant was not satisfied with Plaintiffs' responses, productions, or denials, a second Rule 37 conference was held during which the parties agreed Plaintiffs would revise their responses by February 15, 2024. (R. Docs. 14 at 1; 14-1 at 1; 14-6).

To date, Plaintiffs have not supplemented their original responses, causing Defendant to file the instant Motion. (R. Docs. 14; 14-1 at 1). Defendant argues that the Court should deem RFA Nos. 1 and 2 admitted, because "Plaintiffs' basic denial[s are] not supported by the claim documents in this matter and the basic denials without supporting evidence are insufficient." (R. Doc. 14-1 at 8). Alternatively, Defendant asks this Court to compel a response to Interrogatory No. 18. (R. Doc. 14-1). RFA Nos. 1 and 2 appear below, along with Interrogatory No. 18.

> **REQUEST FOR ADMISSION NO. 1**
> Admit that you first reported damage to the property two months after Hurricane Ida, on November 9, 2021.
>
> **RESPONSE FOR ADMISSION NO. 1**
> Denied
>
> **REQUEST FOR ADMISSION NO. 2**
> Admit that you first reported interior damage to the property six months after Hurricane Ida, on March 9, 2022.
>
> **RESPONSE FOR ADMISSION NO. 2**
> Denied
>
> **INTERROGATORY NO. 18**
> If you denied any Request for Admission below, please provide all facts to support your complete or partial denial.
>
> **ANSWER TO INTERROGATORY NO. 18**
> Objection: Overbroad, unduly burdensome, exceeds the number of interrogatories permissible by the FRCP. (R. Doc. 14-5 at 1, 6).

Defendant also asks this Court to compel more sufficient responses to Interrogatory Nos. 2, 10, 16, and 17, and RFP Nos. 5 and 6. (R. Doc. 14; 14-1). These appear in the analysis below.

2

**II.    Law and Analysis**

    **A.    Legal Standards**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b). However, a court must limit the frequency or extent of discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope [of discovery]." Fed. R. Civ. P. 26(b)(2).

Under Fed. Rules Civ. P. "33 and 34, a party upon whom interrogatories and [RFPs] have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty days after service of the requests." *Shelton v. Landstar Ranger, Inc.,* No. CV 22-337-BAJ-SDJ, 2023 WL 1425321, at *1 (M.D. La. Jan. 31, 2023) (citation omitted). If a party fails to timely respond to discovery requests made after the Fed. R. Civ. P. 26 conference and pursuant to Fed. Rules Civ. P. 33 and 34, the party seeking discovery "may move to compel responses and for appropriate sanctions under Rule 37." *Shelton,* 2023 WL 1425321, at *1. An "evasive or incomplete . . . response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

3

When a party moves to compel responses, that party's motion "must [certify] that [the party,] in good faith[,] conferred or attempted to confer with the person or party failing to make disclosure or discovery[.]" Fed. R. Civ. P. 37(a). "[I]f a motion to compel . . . is granted, the court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay . . . the moving party's reasonable expenses . . . unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action; that the party's nondisclosure . . . was substantially justified; or that other circumstances make an award of expenses unjust." *Shelton,* 2023 WL 1425321, at *2.

Fed. R. Civ. P. 36 ("Rule 36") "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact[, allowing] litigants to . . . focus their energy and resources on disputed matters." *In re Carney,* 258 F. 3d 415, 419 (5th Cir. 2001) (citations omitted). Rule 36 "provides a procedure for denying the requests or qualifying one's partial admissions or denials." *Camp v. Progressive Corp.,* No. CIV.A. 01-2680, 2003 WL 21939778, at *3 (E.D. La. Aug. 12, 2003). It states that "[a] matter is admitted unless, within 30 days after being served[or as stipulated to under Fed. R. Civ. P. 29,] the party to whom the request is directed serves on the requesting party a written answer or objection[.]" Fed. R. Civ. P. 36(3). In response to an RFA, a party must admit the matter, deny the matter, or state it cannot admit or deny the matter and provide the reason for which it is unable to respond:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when [necessary], the answer must specify the part admitted and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4).

"The Federal Rules provide two avenues for challenging a party's answer to a[n RFA]: Rule 36(a)(6), which addresses the form of the answer, and Rule 37(c)(2), which addresses the answer's factual accuracy." *Johnson v. Gooden,* No. CV 20-118-JWD-RLB, 2021 WL 1030991,

4

at *1 (M.D. La. Mar. 17, 2021). Under Rule 36, "there is no such thing as a motion to compel admissions[, but a] party may move to determine the sufficiency of an answer or objection." *St. Bernard Par. v. Lafarge N. Am., Inc.,* No. CV 11-2350, 2016 WL 1660174, at *1 (E.D. La. Apr. 27, 2016) (quotations and citations omitted); *See* Fed. R. Civ. P. 36(6) (A party "may move to determine the sufficiency of an answer or objection[, and o]n finding [it] does not comply . . . , the court may order . . . the matter is admitted or that an amended answer be served.").

    **B.**     **Analysis**

        **i.**     **Rule 37 Conference**

A Rule 37 certificate "must accurately and specifically convey . . . who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Persley v. State Farm Mut. Auto. Ins. Co.,* No. 5:19-CV-01685, 2021 WL 1095323, at *2 (W.D. La. Feb. 16, 2021) (citations and quotations omitted). The instant Motion is accompanied by a Rule 37 Certificate that states Defendant's counsel "held a Rule 37(a) telephone conference with [P]laintiffs' counsel, . . . concerning answers to interrogatories and [RFPs] on January 16, 2024, and again on February 8, 2024, on the insufficient answer[s] to [RFA] No[s]. 1 and 2 and to address the issues raised in th[e M]otion." (R. Doc. 14 at 2, 3). As this is confirmed in the Motion, this Court finds Defendant properly conferred with Plaintiffs. (R. Docs. 14; 14-1).

        **ii.**     **Request for Admission Nos. 1 and 2 and Interrogatory No. 18**

Despite the fact that Rule 37 does not "provide a motion to compel answers to [RFAs, this] Court[, in the interest of efficiency,] will treat [Defendant's Rule] 37(a) motion to compel as appropriate as a [Rule] 36(a)(6) motion to determine the sufficiency of answers and objections to Rule 36 [RFAs.]" *Quantas Healthcare Management, LLC v. Sun City Emergency Room, LLC, and Sun City West Emergency Room, LLC,* No. 3:23-CV-891-K, 2024 WL 1520568, at *4-5

(N.D. Tex. Apr. 8, 2024) (citation omitted); *See Anderson v. Liberty Mut. Fire Ins. Co.,* No. CV 22-753-BAJ-RLB, 2024 WL 232161, at *3 (M.D. La. Jan. 22, 2024) ("To the extent necessary, the Court will construe the instant Motion to Compel as a motion to determine the sufficiency of Plaintiff's denials of the requests for admission under Rule 36(a)(6)."). Based on the following, this Court finds Plaintiffs' responses to RFA Nos. 1 and 2 to be sufficient.

Regarding RFA Nos. 1 and 2, Plaintiffs' timely response to both was: "Denied." (R. Doc. 14-4 at 1). This is a sufficient response because a simple denial, without more, is a valid response to an RFA. *See Janko v. Fresh Mkt., Inc.,* No. CIV.A. 13-648-RLB, 2015 WL 4714928, at *3 (M.D. La. Aug. 5, 2015) (A denial, without more, was adequate under Fed. R. Civ. P. 36(a)(4).); *See also Camp,* 2003 WL 21939778, at *4 ("Explanation is only required if the party cannot truthfully admit or deny."). Even if it is argued the two RFAs "should be deemed admitted because they are demonstrably false and thus insufficient[, that] argument is unavailing[, because] Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial." *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 102-03 (W.D. Tex. 2020) (quotations and citations omitted) (collecting cases). "Rule 36(a)(6) . . . addresses the form of the answer or objection, not to its substance, and therefore does not authorize a Court to inquire into the substantive accuracy of the denial." *Johnson*, 2021 WL 1030991, at *1; *See* 1970 Advisory Committee's Note, Fed. R. Civ. P 37 (Rule 36 does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated."). Thus, this Court concludes Plaintiffs' denials are sufficient even if they are false, but reminds Plaintiffs that their "failure to admit, if Defendant[] ultimately prove[s the] denied matter[s to be] true, may subject Plaintiff[s] to sanctions." *Anderson v. Liberty Mut. Fire Ins. Co.,* No. CV 22-753-BAJ-RLB, 2024 WL 232161, at *3 (M.D. La. Jan. 22, 2024) (citing Fed. R. Civ. P. 37(c)).

Now this Court will consider Defendant's request, in the alternative, that Plaintiffs be compelled to respond to Interrogatory No. 18. (R. Doc. 14; 14-1). For all RFAs, Interrogatory No. 18 asks Plaintiffs to "provide all facts to support [any] complete or partial denial." (R. Doc. 14-2 at 7). Plaintiffs argue Interrogatory No. 18 is "[o]verbroad, unduly burdensome, [and] exceeds the number of interrogatories permissible[.]" (R. Doc. 14-5 at 6). The Court disagrees.

Defendant served eighteen interrogatories, and Interrogatory No. 18 seeks responses regarding any of the RFAs denied by Plaintiffs. (R. Docs. 14-2 at 7; 14-5 at 10, 11). By linking Interrogatory No. 18 to the responses provided in multiple Requests for Admission, Interrogatory No. 18 has multiple subparts that are counted toward the applicable limitation. At a minimum, the caselaw support a conclusion that it should be counted for 3 interrogatories because Plaintiffs denied three RFAs. *See Cubellis, Inc v. LIFT,* No. CV 07-7959, 2008 WL 11355010, at *4 (E.D. La. Oct. 27, 2008) (citations and quotations omitted) ("[W]hen an interrogatory asks the responding party to . . . support[] the denial of each [RFA], it usually should be construed as containing a subpart for each [RFA] contained in the set [so that it] constitutes a multiple interrogatory for the purposes of the numerical limit . . . in Rule 33(a)."); *See also Est. of Manship v. United States,* 232 F.R.D. 552, 556-57 (M.D. La. 2005), *aff'd,* (M.D. La. Jan. 13, 2006) (same). Thus, if responses to Interrogatory No. 18 are compelled, this Court would effectively be compelling Plaintiffs to respond to twenty-one interrogatories. *Id.*

Even had Plaintiffs denied all 7 RFAs, this Court would still only effectively be compelling responses to twenty-four interrogatories, since there were only seven RFAS (Interrogatory No. 18 would count for 7, instead of 1). *See Superior,* 335 F.R.D. at 102-103 (collecting cases) ("[I]n the context of interrogatories . . . regarding a party's denials of [RFAs], there is a robust consensus that each [RFA denial] constitutes . . . a separate interrogatory.").

7

Either way, this is less than the twenty-five interrogatory limit imposed by Fed. R. Civ. P. 33, Plaintiff's objection on this basis is overruled. Fed. R. Civ. P. 33(a).

As for whether Interrogatory No. 18 is overbroad or unduly burdensome, this Court finds it is not. As aforementioned, Plaintiffs have only denied three of the seven RFAs; a request for factual support for three denials is neither overbroad nor unduly burdensome. (R. Doc. 14-5 at 10, 11). Further, Defendant fails to explain in its opposition or in its objection why Interrogatory No. 18 is overbroad or why Defendant would have difficulty responding. Thus, this Court concludes a response to Interrogatory No. 18 may be compelled, especially because the denied RFAs[1] are relevant to the extent and cause of Plaintiffs' alleged damages.

### iii. Interrogatory Nos. 2, 10, 16, and 17 and RFP Nos. 5 and 6

The Defendant's Motion also seeks relief under Rule 37 in the form of an order compelling the Plaintiffs to provide complete answers to Interrogatory Nos. 2, 10, 16 and 17 as well as RFP Nos. 5 and 6. (R. Doc. 14 at 1, R. Doc. 14-1 at 6-7). The following assesses Plaintiffs' objections to each of the relevant Interrogatories and RFPs.

> **INTERROGATORY NO. 2**
> Describe in detail all property damage for which you seek insurance coverage from Safeco in this lawsuit, including a description of the damage, the location of the damage by room or exterior location, the alleged monetary cost to repair such damage, the approximate date you first noticed such damage, whether you have repaired such damage in whole or in part, and, if you did repair such damage, when you repaired the damage and how much you paid to repair such damage.
>
> **ANSWER TO INTERROGATORY NO. 2**
> Objection: overbroad, compound, contains subparts. Response: Plaintiffs refer to the attached updated loss estimate prepared by Integrity Claims Consultants, LLC dated 8/15/2023, which describes the damage to be repaired, location of the damage to a room or exterior location, and monetary cost to repair the damage. Plaintiffs and/or Plaintiff's agents first noticed the damages at varying times, including but not limited

---

[1] No. 1: "Admit . . . you first reported damage to the property [2] months after Hurricane Ida[.]."
No. 2: "Admit . . . you first reported interior damage to the property [6] months after Hurricane Ida[.]"
No. 4: "Admit . . . you have repaired all damage to the property identified in the estimate prepared by Clay Heath[.]"

to the date of inspection by Integrity. Plaintiffs have not repaired damages to date as Defendant has failed to pay benefits for the damages. (R. Doc. 14-5 at 1).

This Court finds Interrogatory No. 2 to be relevant as a proper response would reveal when damage began to exist, aiding in assessing the cause of the damage. The current response is insufficient as it states, "Plaintiff[s'] agents first noticed the damages at varying times[.]" (R. Doc. 14-5 at 1). This is vague. Plaintiffs should clarify what the "varying times" were, or whether these times are known. (R. Doc. 14-5 at 1). This Court rejects Plaintiffs' objections because Interrogatory No. 2 is focused on one issue: damage to the Property. (R. Doc. 14-5 at 1). The fact that the interrogatory has subparts makes it neither compound nor overbroad because "the types of subparts here merely request factual elaboration about a potential response and are factually subsumed within the main interrogatory." *Cook v. Flight Servs. & Sys., Inc.,* No. CV 16-15759, 2018 WL 11447512, at *6 (E.D. La. Nov. 1, 2018). "The subparts merely ask for further factual elaboration as to who, what, when, where, and how[, and t]hat is acceptable under the rules." *Id.* Plaintiffs shall therefore respond to Interrogatory No. 2 as it is written.

> **INTERROGATORY NO. 10**
> Identify each individual who has occupied the property in the last ten (10) years. Please provide that person's address, phone number, and e-mail address.
>
> **ANSWER TO INTERROGATORY NO. 10**
> Objection: overbroad. Response: Plaintiff is collecting information responsive to this interrogatory and will provide when it becomes available. (R. Doc. 14-5 at 4).

Plaintiffs have clearly not responded to Interrogatory No. 10, and it is relevant for determining the identity of certain witnesses as well as any other potential causes of damages. Further, Plaintiffs' general objection of "overbroad" is boilerplate. Rule 33(b)(4) requires that "grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). "[B]oilerplate or unsupported objections—even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses

9

to specific discovery requests—are . . . improper and ineffective." *Heller v. City of Dallas,* 303 F.R.D. 466, 483 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F. 2d 1482, 1484-86 (5th Cir.1990) (The court held that objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection[.]")). Plaintiffs' objection is therefore overruled and a more adequate response must be provided.

> **INTERROGATORY NO. 16**
> When did you obtain ownership of this property?
>
> **ANSWER TO INTERROGATORY NO. 16**
> Objection: information is equally available to Defendant. Response: Plaintiff refer[s] to the public records for the requested information. Plaintiffs obtained ownership before the date of loss alleged in this action.
>
> **INTERROGATORY NO. 17**
> When was your property built? If accessory structures, garages, sheds, fences, pools, were built separately, please indicate the approximate month and year for each.
>
> **ANSWER TO INTERROGATORY NO. 17**
> Objection: information is equally available to Defendant. Response: Plaintiff refers to the public records for the requested information. The property was built before the date of loss alleged in this action. (R. Doc. 14-5 at 6).

In response to Interrogatories 16 and 17, Plaintiffs direct Defendant to search the public records. (R. Doc. 14-5 at 6). "The mere fact that responsive information is publicly available does not prevent its discovery." *Whale Cap., L.P. v. Ridgeway,* No. CV 22-2570, 2023 WL 7220560, at *7 (E.D. La. Nov. 2, 2023); *See Wimsatt v. Jaber,* No. CV 22-1012, 2024 WL 1444042, at *3 (E.D. La. Mar. 27, 2024) ("Plaintiff cannot rely on Defendant nor the public record to answer interrogatories in lieu of providing a responsive answer."). "The critical issue is whether the documents are within the actual or constructive possession, custody or control of the responding party." *Whale,* 2023 WL 7220560, at *7 (citing *Simpson v. Hexion Specialty Chems.*, No. 06-798, 2007 WL 9710857, at *6 (M.D. La. Sept. 19, 2007) ("[T]o the extent plaintiffs have

10

... 'publicly available' documents in their possession, custody or control and they are relying upon them in support of their claims in this litigation, they have an obligation to produce them[.]"); *Phillips v. Hanover Ins. Co.,* No. 14-871, 2015 WL 1781873, at *2 n.1 (W.D. Okla. Apr. 20, 2015) ("Courts consistently hold that parties have an obligation to produce even publicly available information.") (collecting cases)). "Absent a proportionality objection, which must be supported with evidence, a responding party must produce even publicly available information that it has in its actual or constructive possession, custody or control." *Whale,* 2023 WL 7220560, at *7. Accordingly, Plaintiffs' objections to Interrogatory Nos. 16 and 17 are overruled, and Plaintiffs are compelled to respond.

> **REQUEST FOR PRODUCTION NO. 5**
> Produce a copy of any and all leases or rental agreements dated between August 27, 2020 and the present.
>
> **RESPONSE FOR PRODUCTION NO. 5**
> Objection: not reasonably calculated to lead to admissible evidence, as Plaintiffs are not making a claim for loss of rent. Response: Plaintiffs have not located responsive documents but will produce in the event they locate them.
>
> **REQUEST FOR PRODUCTION NO. 6**
> Produce all documents and correspondence reflecting amounts paid, to you or someone else, for rent, lease, and/or housing payments for the property. This request includes, but is not limited to, copies of cancelled checks or credit card payments.
>
> **RESPONSE FOR PRODUCTION NO. 6**
> Objection: not reasonably calculated to lead to admissible evidence, as Plaintiffs are not making a claim for loss of rent. Response: Plaintiffs have not located responsive documents but will produce in the event they locate them. (R. Doc. 14-5 at 8).

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This Court overrules Plaintiffs' objections because RFPs regarding copies of past leases and documentation of amounts paid for rent are relevant to Plaintiffs' claim, apparent in the petition, for "loss of rent[.]" (R. Doc. 1 at ¶ 31). The Complaint also asserts damages in the form of loss of business and economic opportunities and diminution of value. Discovery

11

pertaining to income generated by the property in the form of rent and other payments is within the scope of discovery. A response shall therefore be compelled.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion (R. Doc. 14) is **GRANTED** in part and **DENIED** in part so that (i) Plaintiffs are compelled to respond to Interrogatory Nos. 2, 10, 16, 17, and 18 and RFP Nos. 5 and 6 within fifteen (15) days, and (ii) Plaintiffs' RFA denials are deemed sufficient. Each party shall bear its own costs.

Signed in Baton Rouge, Louisiana, on May 3, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**